

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HENRY CAIN | CIVIL ACTION NO. 08-1015 |
| VERSUS | JUDGE DONALD E. WALTER |
| CAPT. JOHNNY WHITE, ET AL. | MAGISTRATE MARK HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion to Dismiss [Record Document 15] filed on behalf of Defendants, Forcht Wade Correctional Center and Captain Johnny White, who respectfully move for plaintiff's lawsuit to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes this motion. [Rec. Doc. 30]. For the reasons stated herein, Defendants' motion is **GRANTED IN PART and DENIED IN PART.**

I.  **FACTUAL BACKGROUND**

On July 10, 2008, Plaintiff Henry Cain ("Plaintiff"), a prisoner in the custody of the Louisiana Department of Public Safety and Corrections, filed a civil rights lawsuit against Forcht Wade Correctional Center ("Forcht Wade") and Captain Johnny White ("Captain White") pursuant to 42 U.S.C. § 1983. Plaintiff alleges Captain White attacked him by slamming his face and his head into the concrete walk-way, knocking Plaintiff unconscious and causing him to suffer a broken nose, a broken eye socket, and remain in a coma for three days. [Rec. Doc. 1]. Plaintiff seeks monetary damages in the amount of $500,000 as compensation for his pain and

suffering and mental anguish.[1]

On December 29, 2008, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the following grounds: (1) the Eleventh Amendment to the United States Constitution bars Plaintiff's monetary claims against Forcht Wade and Captain White in his official capacity, and (2) the doctrine of qualified immunity bars Plaintiff's claims against Captain White in his personal capacity. [Rec. Doc. 15].

## II. DISCUSSION

### A. Standard for Dismissal

"Federal Rule of Civil Procedure 8(a)(2) requires 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). A complaint attacked by a Rule 12(b)(6) motion need not contain detailed factual allegations; rather, the plaintiff's obligation is simply to provide the defendant with "fair notice of what the claim is and the grounds upon which it rests." *Id.*, 127 S.Ct. at 1964-65 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). To avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. It is sufficient if the complaint shows that the plaintiff is entitled to any relief which the court can grant. *Dotschay for Use & Benefit of Alfonso v. Nat. Mut. Ins. Co. of D.C.*, 246 F.2d 221, 223 (1957).

When considering a motion to dismiss for failure to state a claim, the district court must construe the complaint in the light most favorable to the plaintiff. In addition, pro se complaints

---

[1] On July 30, 2008, the Court granted Plaintiff's Motion to Proceed *In Forma Pauperis*. [Rec. Doc. 5].

must be held to less stringent standards than formal pleadings drafted by lawyers. *Taylor v. Books A Million, Inc.*, 296 F.3d 276, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).

## B. Eleventh Amendment Immunity

Section 1983 imposes liability upon any "person" who, acting under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *Blessing v. Freestone*, 520 U.S. 329, 340, 117 S.Ct. 1353, 1359 (1997). However, the Eleventh Amendment to the United States Constitution bars such suits against a State unless the State consents, waives its immunity, or unless Congress abrogates the State's sovereign immunity pursuant to Section 5 of the Fourteenth Amendment. U.S. Const. amend. XI; *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347 (1974); *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989). The immunity granted to States by the Eleventh Amendment extends to suits against state officials for monetary damages, because as the Supreme Court recognized, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312 (1989); *see also Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459, 464, 65 S.Ct. 347, 350 (1945) ("When the action is in essence one for the recovery of money from the State, the state is the real, substantial party in interest and is entitled to revoke its sovereign immunity from suit even though individual officials are nominal defendants.").

Plaintiff does not state whether Captain White is named as a defendant in his official capacity or personal capacity. Nevertheless, given the liberality with which pro se pleadings may

be interpreted, the Court interprets Plaintiff's complaint as naming the defendant in both capacities. To the extent Plaintiff's action is against Captain White in his official capacity, the action is essentially against the State of Louisiana[2] itself. *See Brandon v. Holt*, 469 U.S. 464, 471-72, 105 S.Ct. 873, 878 (1985) ("A judgment against a public servant in his official capacity imposes liability on the entity that he represents," provided the public entity received notice and an opportunity to respond.).

Although a State may waive its Eleventh Amendment immunity, such waiver will be found "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Edelman*, 415 U.S. at 673, 94 S.Ct. at 1360 (internal quotations omitted). Louisiana has not waived its Eleventh Amendment sovereign immunity; in fact, Louisiana law unequivocally invokes sovereign immunity for all actions except those brought in a Louisiana state court. La. R.S. § 13:5106(a) provides: "No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."

Accordingly, Defendants Forcht Wade[3] and Captain White, in his official capacity, are entitled to Eleventh Amendment immunity. Plaintiff's claim for monetary damages, to the extent such damages would be paid from the state treasury, is not actionable under 42 U.S.C. § 1983 and must be dismissed.

---

[2]Captain White is a correctional officer employed by the Louisiana Department of Public Safety and Corrections ("LDPSC"). In *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (1999), the Fifth Circuit held that the LDPSC is an alter ego of the State of Louisiana and is immune from suit under the Eleventh Amendment.

[3]Forcht Wade is a branch of the LDPSC and is thus the alter ego of the State of Louisiana. *See* n.1.

Page 4

## C. Qualified Immunity

The doctrine of qualified immunity shields government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). Qualified immunity is immunity from *suit*, not merely immunity from liability. *See Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 536 (1991). Recently, the Supreme Court discussed the importance of the qualified immunity doctrine, stating "[q]ualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (internal citations and quotations omitted).

In determining whether the defense of qualified immunity is available, a district court must make two inquiries: (1) whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right, and (2) whether the right at issue was "clearly established"[4] at the time of defendant's alleged misconduct. *Pearson*, 129 S.Ct. at 815-16. These inquiries need not be made in any particular order; rather, a district court may exercise its discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first. *Id.* at 818.

With regard to the second inquiry, the Supreme Court has repeatedly held that prisoners

---

[4]To be "clearly established," its contours "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Petta v. Rivera*, 143 F.3d 895, 899 (5th Cir. 1998) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039 (1987).

Page 5

have a cause of action for "excessive force" in violation of the "Cruel and Unusual Punishment" Clause of the Eighth Amendment[5] when "prison officials maliciously and sadistically use force to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 23, 112 S.Ct. 995, 1007 (1992). The right to be free from "excessive force" is clearly established in American jurisprudence and cannot be disputed. Nevertheless, Captain White argues he is entitled to qualified immunity because Plaintiff failed to adequately state a violation of his constitutional right, and therefore cannot satisfy the first prong of the analysis.

A plaintiff alleging excessive force must prove three elements: (1) an injury, (2) which resulted directly and only from the use of force that was clearly excessive to the need; and (3) the excessiveness of which was objectively unreasonable. *See Johnson v. Morel*, 876 F.2d 477, 480 (5th Cir. 1989) ("significant injury" requirement eliminated by the Supreme Court in *Hudson*, 503 U.S. 1, 112 S.Ct. 995). In Plaintiff's complaint, he asserts that, as he was being escorted to the prison infirmary, Captain White attacked him from behind and slammed his face and head into the concrete walk-way while he was handcuffed. As a result, Plaintiff was knocked unconscious, suffered a broken nose and a broken eye socket, and remained in a coma for three days following the incident. Plaintiff claims he "did not do anything to warrant this officer's action." [Rec. Doc. 1]. Additionally, in his Opposition to Defendants' Motion to Dismiss, Plaintiff contends Captain White's action were motivated by malice. [Rec. Doc. 30].

The Court finds these facts, if proved, are sufficient to state a violation of Plaintiff's constitutional right to be free from excessive force. Consequently, Captain White is not entitled

---

[5]The Eighth Amendment is applicable to States through the Due Process Clause of the Fourteenth Amendment.

Page 6

to qualified immunity for Plaintiff's claims against him in his personal capacity.

## III. CONCLUSION

For the reasons stated above, Plaintiff's claims against Forcht Wade and Captain White, in his official capacity as a correctional officer, are barred by the Eleventh Amendment to the United States Constitution. However, the allegations in Plaintiff's complaint are sufficient to allege a violation of a clearly established constitutional right and overcome Captain White's affirmative defense of qualified immunity.

Therefore, Defendant's Motion is **GRANTED IN PART and DENIED IN PART.** Plaintiff's claims against Forcht Wade and Captain White in his official capacity are **DISMISSED WITH PREJUDICE**, though Plaintiff may proceed with his claim against Captain White in his personal capacity.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 20th day of March, 2009.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE