U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

SEP 25 2009

TONY R. MOORE, CLERK
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| HENRY CAIN | CIVIL ACTION NO. 08-1015 |
| VERSUS | DISTRICT JUDGE WALTER |
| CAPTAIN JOHNNY WHITE, ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion for Summary Judgment [Rec. Doc. 34] filed on behalf of

Defendants, Captain Johnny White, et al. Plaintiff opposes this motion. [Rec. Doc. 39]. For the

reasons assigned herein, Defendants' motion is **GRANTED.**

### I.   FACTUAL BACKGROUND

Henry Cain DOC# 123711, (herein after referred to as "Cain"), is an inmate in the

custody of the Louisiana Department of Corrections. He was, at the time of the filing of this

complaint, incarcerated at Forcht Wade Correctional Center, (herein after referred to as

"FWCC") in Keithville, Louisiana. He was subsequently transferred to David Wade

Correctional Center in Homer, Louisiana.

Plaintiff alleges that on March 2, 2008, while being escorted to the infirmary at FWCC

for evaluation and before being placed in the administrative segregation cell block for a rule

violation, he was "attacked from behind, without provocation", by Captain Johnny White, a

FWCC correctional officer, (herein referred to as "Captain White"). The plaintiff specifically

alleges that Captain White attacked him by slamming his face and his head into the concrete

walk-way, knocking him unconscious and causing him to suffer a broken nose, a broken eye socket, and remain in a coma for three days. [Rec. Doc. 1]. The Plaintiff filed this lawsuit on July 10, 2008 with the following prayer for relief: 1) that Captain White is released from his duties as a captain at FWCC; 2) that a temporary restraining order is issued due to his fear of retaliation at FWCC; and 3) $500,000 in damages for pain, suffering and mental anguish. Now, Defendants' move for summary judgment.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). A genuine issue can be resolved only by a trier of fact because it may be resolved in favor of either party. *Id.* at 248-49, 106 S.Ct. at 2510. A fact is "material" if it can "affect the outcome of the suit under the governing law." *Id.* Facts that are irrelevant or unnecessary for determination of the suit should not be considered. *Id.* The substantive law will determine which facts are "material." *Id.*

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 2556 (1986). When a defendant moves for summary judgment on the plaintiff's claim, he may satisfy the summary judgment burden by (1) showing there is no evidence to support an essential element of the plaintiff's claim, or (2) submitting summary judgment evidence that negates one

of the essential elements of the plaintiff's claim. *Id.* 477 U.S. at 322-24, 106 S.Ct. at 2553;

*Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). If the motion

is properly made, the plaintiff "must set forth facts showing that there is a genuine issue for

trial." *Anderson*, 477 U.S. at 250; 106 S.Ct. at 2511. This burden is not satisfied by "some

metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated

assertions, or by only a scintilla of evidence." *Boudreaux v. Swift Transp. Co., Inc.*, 403 F.3d

536, 540 (5th Cir. 2005). Instead, the plaintiff "must go beyond the pleadings and designate

specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas*

*Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

The standard for summary judgment mirrors the standard for a directed verdict under

FED. R. CIV. P. 50(a). As the Supreme Court has oft repeated:

> "Nor are judges any longer required to submit a question to a jury merely because
> some evidence has been introduced by the party having the burden of proof,
> unless the evidence be of such a character that it would warrant the jury in finding
> a verdict in favor of that party. Formerly it was held that if there was what is
> called a *scintilla* of evidence in support of a case the judge was bound to leave it
> to the jury, but recent decisions of high authority have established a more
> reasonable rule, that in every case, before the evidence is left to the jury, there is a
> preliminary question for the judge, not whether there is literally no evidence, but
> whether there is any upon which a jury could properly proceed to find a verdict for
> the party producing it, upon whom the *onus* of proof is imposed."

*Anderson*, 477 U.S. at 251, 106 S.Ct. at 2511 (quoting *Improvement Co. v. Munson*, 81 U.S. 442,

448, 20 L.Ed. 867 (1872)). In essence, the inquiry for the court is "whether the evidence presents

a sufficient disagreement to require submission to a jury or whether it is so one-sided that one

party must prevail as a matter of law." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. All

reasonable doubts about the facts are to be resolved in favor of the plaintiff. *Cooper Tire &*

*Rubber Co. v. Farese*, 423 F.3d 446, 456 (5th Cir. 2005).

## III. DISCUSSION

In this instance, the Defendants attached three affidavits to their Motion for Summary

Judgment. The first one is from Sergeant Barbara Gray [Rec. Doc. 34, Exhibit B]. She states

that she was the officer who initially wrote up the Plaintiff's behavior that warranted his transfer

to a segregation cell block. The second affidavit is from Captain White [Rec. Doc. 34, Exhibit

D]. White states in his affidavit that:

> To the best of my recollection, while escorting inmate Henry Cain from Foxtrot 2
> dorm to the Skilled Nursing Facility, he became very combative and began to yell
> and pull away from me attempting to turn and face towards me, while we were in
> front of the Recreation Center. At that time, my legs became tangled with his and
> we both fell to the ground striking my left knee and him striking his face on the
> sidewalk with me partially on top of him. The action of us falling down together
> caused trauma to inmate Henry Cain's mouth, nose and head. Lieutenant Harrell
> then arrived and assisted me in helping inmate Henry Cain to his feet and
> escorting him to the Skilled Nursing Facility for treatment.

[Rec. Doc. 34, Exhibit D]. The final affidavit is from Ricky Harrell, a former corrections officer

[Rec. Doc. 34, Exhibit I]. Harrell states in his affidavit that:

> To the best of my recollection, on or about March 2, 2008 at approximately 9:25
> A.M., I was on my way from the Skilled Nursing Facility to BRAVO for relief.
> As I reached the mailbox at the kitchen door, I observed Captain Johnny White
> escorting inmate Henry Cain, #123711, out of Foxtrot 2 to the Skilled Nursing
> Facility, handcuffed. I then stopped and began walking toward Captain Johnny
> White to offer assistance. When Captain Johnny White and inmate Henry Cain
> passed the picnic tables on the side of the Foxtrot dorm, inmate Henry Cain began
> to become combative, pulling away from Captain Johnny White. I immediately
> began running towards them to assist Captain Johnny White. Before I reached
> Captain Johnny White and inmate Henry Cain, inmate Henry Cain spun around

trying to break loose from Captain Johnny White, causing them both to trip and fall to the ground. When inmate Henry Cain landed on the ground, he landed face first on the walk causing facial trauma . . . At no time did I observe Captain Johnny White violate the constitutional rights of inmate Henry Cain.

[Rec. Doc. 34, Exhibit I]. Here, the moving party has met their initial burden by providing these affidavits. These affidavits serve to negate the Plaintiff's claim of excessive force. "In the face of the . . . properly supported motion for summary judgment, the [non-moving party can] not rest on his allegations . . . to get to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986).

In response, Cain must present this Court with "competent summary judgment evidence" as is described in FED. R. CIV. P. 56. *Stingley v. Den Mar Inc.*, 2009 WL 2762374 (5th Cir. 2009). According to Rule 56, this evidence must "be sworn, certified, or verified material." *Id.*

Cain has failed to meet his burden. This Court has reviewed the docket. His initial complaint was not verified (sworn under penalty of perjury). He provided no affidavits. His Opposition [Rec. Doc. 39] to the Motion for Summary Judgment was not verified. The Fifth Circuit has shown a willingness to grant non-moving parties a wide berth in satisfying the Rule 56 requirements. Cain has not met them.

## IV. CONCLUSION

Accordingly, the Court finds there is no genuine issue of material fact and Captain Johnny White, et al is entitled to judgment as a matter of law.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 24 day of September, 2009.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE